UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | No. 2:12-cr-135-DBH |
| ) | |
| HASAN WORTHY, ) | |
| ) | |
| *Defendant* ) | |

### DETENTION ORDER PENDING TRIAL AND RECOMMENDED DECISION ON MOTION TO DISMISS AND FOR IMMEDIATE RELEASE

### I.  DETENTION ORDER

After conducting a detention hearing on August 7, 2012, under the Bail Reform Act, 18 U.S.C. § 3142(f), I concluded that these facts require that the defendant be detained pending trial.

### A.  Background

On September 22, 2010, the defendant was charged in a one-count indictment with violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2, involving possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base and/or cocaine, and a mixture or substance containing heroin.  Superseding Indictment, *United States of America v. Hasan Worthy*, No. 2:10-cr-136-DBH (ECF No. 51).  The defendant had been arrested earlier, and, after a detention hearing on August 16, 18, and 20, 2010, I had ordered him committed to the custody of the Attorney General pending trial.  *United States of America v. Hasan Worthy*, No. 2:10-cr-135-DBH (ECF No. 45).

Following a lengthy series of events that I need not recite here, the defendant's trial was set to begin on July 24, 2012 (ECF No. 606), and a jury was selected on July 2, 2012 (ECF No.

620).  On June 27, 2012, after he had been notified of the jury selection and trial dates, the defendant filed a motion to dismiss the charge against him on the ground that his right to a speedy trial had been denied.  ECF No. 618.  The jury trial was postponed, ECF No. 632, and, after oral argument, ECF No. 651, Judge Hornby granted the motion to dismiss.  ECF No. 654.  The dismissal was without prejudice.  *Id*.

A complaint charging the defendant with possession with intent to distribute a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, was filed on July 27, 2012, initiating the instant case.  *United States of America v. Hasan Worthy*, No. 2:12-cr-135-DBH (ECF No. 1).  The government moved for detention of the defendant on the basis of the complaint on August 2, 2012.  ECF No. 5.  I issued an order of temporary detention on that day.  ECF No. 10.  On August 7, 2012, the grand jury handed down an indictment of the defendant, on the same charge, and I held an arraignment and detention hearing.  ECF Nos. 14, 19.  I granted the government's motion for detention but reserved ruling on the defendant's motion for immediate release.  ECF No. 19.

### B.  Legal Standard

The Bail Reform Act, 18 U.S.C. § 3142, governs the procedural and substantive rules for pretrial detention of a defendant.  Where there is probable cause to believe that a defendant committed certain crimes pursuant to 18 U.S.C. § 3142(e), including those drug offenses for which the penalty includes a maximum term of imprisonment of ten years or more, a rebuttable presumption arises that "no conditions or combination of conditions [of release] will reasonably assure the appearance of the person as required."  18 U.S.C. § 3142(e); *see United States v. Torres-Rosario*, 600 F.Supp.2d 327, 330-31 (D.P.R. 2009).  The statute also provides that

detention may be ordered if no condition or combination of conditions will reasonably assure the safety of any other person and the community. *Id*.

The presumption remains in effect even when a defendant brings forward rebuttal evidence. *Torres-Rosario*, 600 F.Supp.2d at 330. The evidence brought by the defendant merely serves as evidentiary weight to be considered by the court when determining the defendant's bail status; the government retains the burden throughout the inquiry to prove that no release conditions can reasonably assure the defendant's appearance or the safety of others. *Id*.; *United States v. Palmer-Contreras*, 835 F.2d 15, 18 (1st Cir. 1987) (per curiam). When determining whether someone poses a risk of flight, the preponderance of the evidence standard applies, but clear and convincing evidence must be introduced to support the conclusion that detention prior to trial is necessary to ensure the safety of the community. *Torres-Rosario*, 600 F.Supp.2d at 330 n.4.

Here, the defendant proffered no additional evidence at his detention hearing beyond the evidence that he had introduced at the 2010 detention hearing, relying solely on his motion for immediate release, which I will address *infra*. Accordingly, I reaffirmed my 2010 finding that neither the third-party custodian nor the letter from David Johnson, the only evidence offered by the defendant in August 2010, were adequate to meet the rebuttable presumption under 18 U.S.C. § 3142(e). To the extent that this finding may be in error, I turn briefly to the statutory criteria independent of the presumption.

### C. Statutory Criteria

### 1. The nature and circumstances of the offense, including whether the offense involved a controlled substance.

The complaint and the indictment both allege an offense involving cocaine, a controlled substance. As directed by Congress, this is a factor against release.

**2. The weight of the evidence against the defendant.**

The weight of the evidence against this defendant, as set forth by the government, *see* ECF No. 2, is a factor against release.

**3.  The history and characteristics of the defendant**.

The defendant has a record of residence, both in and out of Maine, as set forth in the Pretrial Services report, that is replete with changes of residence just within the last five years prior to his detention, and an attenuated relationship with the state of Maine, where he had been only one year prior to his detention, and no evident relationship with any other jurisdiction.  That nomadic existence in and of itself presents, in the court's view, a risk of flight, particularly when coupled with the substantial penalty that the defendant facts in this case.

The defendant's employment history is similarly sketchy and provides the court with no basis no which to believe that he would have any employment-based grounding were he released.  Moreover, according to the Pretrial Services report, the defendant has used a substantial number of aliases in the past, raising the specter of flight or making flight more likely; approximately 20 different aliases have been used.

Perhaps most significantly, I noted that the defendant violated his parole on three occasions between May of 2005 and 2009 and was convicted of violating conditions of release. His criminal history includes numerous arrests and/or convictions, including for assault, possession of a controlled substance and a narcotic, forgery, rape, and domestic violence.  I found that the adjudicated violations of parole are significant and indicate a propensity by this defendant not to follow court orders.  He has not shown in the past a willingness to comply with court orders.

The defendant has no family ties to Maine.

Turning to the danger to others and to the community, I found that the government readily met its burden of proof by clear and convincing evidence. Even if the presumption under section 3142(e) was given only some weight, the nature of the offense is clearly a substantial danger to the community. This danger is compounded by the defendant's own admitted drug use.

### 4. Whether, at the time of the current offense or arrest, the defendant was on probation, parole, of other release pending trial.

This factor does not weigh against release, as the defendant apparently was not on probation, parole, or other release pending trial at the time of the offense or arrest.

### 5. Financial condition resulting in pretrial detention.

Under section 3142(c)(2), the court is not allowed to impose a financial condition that results in the pretrial detention of the person. This factor had no bearing on my decision, as the defendant failed to attempt to overcome the statutory presumption at the hearing on August 7, 2010, beyond the inadequate showing made in 2010.

### D. Directions Regarding Detention

The defendant was committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent possible, from persons awaiting or serving sentences of being held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

## II.  MOTION TO DISMISS AND FOR IMMEDIATE RELEASE

On August 1, 2012, Judge Hornby of this court granted the defendant's motion to dismiss the charge then pending against him as a result of violation of the Speedy Trial Act.  Decision and Order on Defendant's Motion to Dismiss Fourth Superseding Indictment for Violation of Speedy Trial Rights, *United States v. Hasan Worthy*, No. 2:10-cr-136-DBH ("*Worthy* I") (ECF No. 654).  The dismissal was without prejudice.  *Id*. at 29.  An order of discharge of the defendant was entered in that case by Judge Singal of this court on August 2, 2012.  ECF No. 656.  The defendant was arrested that day on the complaint that initiated the instant case.

The current motion relies solely on 18 U.S.C. § 3164, Defendant Worthy's Motion to Dismiss and for His Immediate Release (ECF No. 12) and Defendant Worthy's Supplemental Memorandum in Opposition to Motion for Detention and Memorandum in Support of His Motion to Dismiss and Motion to Release ("Memorandum") (ECF No. 11), a statutory provision that was not raised by counsel for the defendant in his three filings in connection with the motion to dismiss that was granted by Judge Hornby.  *Worthy* I, ECF Nos. 618, 623, 649.  That statute provides, in pertinent part, as follows:

> The trial of any person [who is being held in detention solely because he is awaiting trial] shall commence not later than ninety days following the beginning of such continuous detention . . . .  The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section.

18 U.S.C. § 3164(b).

The defendant contends that this language creates a separate and absolute right to release from custody whenever the time he has spent in detention, properly computed, reaches 90 days, and extends to any new charge that is essentially identical to one that has been dismissed. Memorandum at 2.  The government responds that section 3164 was adopted only "to provide

the sanction of pretrial release to correct the specific problem of excessive pretrial detention delay during the transitional period [before implementation of the Speedy Trial Act] when the sanction of dismissal would not be in effect." Government's Response to Defendant's Claim for Release Under Section 3164 of the Speedy Trial Act ("Opposition") (ECF No. 13) at 1 (citing *United States v. Krohn*, 558 F.2d 390, 393 (8th Cir. 1977).

The Speedy Trial Act had certainly been fully implemented before the occurrence of the events giving rise to this action, but the problem with the government's assertion is that section 3164 has not been repealed. Indeed, Congress amended it in 1979 to add the reference to periods of time to be excluded from the 90-day calculations as is provided in the Speedy Trial Act. P.L. 96-43, § 7, 93 Stat. 329 (August 2, 1979). The government cites no later authority to support its necessarily-implied contention that section 3164 has been superseded or invalidated by the Speedy Trial Act or any other federal statute.

The only case authority cited by the defendant in support of his motion for immediate release is two cases that construed section 3164 in the "interim" period and before its amendment. In *United States v. Tirasso*, 532 F.2d 1298 (9th Cir. 1976), the court held that section 3164 "unconditionally mandates release from custody in all cases where the defendants have not been brought to trial within ninety days of arrest." *Id*. at 1299. Of course, that can no longer be said of the statutory language, as Congress has amended it to make clear that various exclusions are to be made when counting the days of incarceration.[1]

The same is true of *United States v. Krohn*, 560 F.2d 293 (7th Cir. 1977), the other case cited by the defendant. In that case, the court assumed without deciding "that the ninety-day period ran out before appellants were tried," *id*. at 295, and still concluded that they were not

---

[1] "[A]s a result of the subsequent amendment explicitly incorporating § 3161(h) exclusions into § 3164, *Tirasso* no longer has any precedential value." *United States v. Mendoza*, 663 F.Supp. 1043, 1045 n.3 (D.N.J. 1987).

entitled to relief under section 3164. *Id*. The only matter at issue in that case was whether the government's right to proceed with trial was affected by violation of section 3164, and the Seventh Circuit held that it was not. That is not the issue here, where trial has not yet begun.

In *Mendoza*, a case upon which the government relies, Opposition at 3, the court held that detentions that appear to extend beyond the 90-day limit established by section 3164 entitle the defendant to a new hearing "at which more is required of the government that is mandated by § 3142." 663 F.Supp. at 1947 (quoting *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986)). If such a hearing were required in this case, I would conclude that the plaintiff has not shown that his extended detention by the government was punitive, *see Daker v. Warren*, Civil Action No. 1:10-CV-03815-RWS-ECS, 2011 WL 4553141, at *4 (N.D. Ga. May 9, 2011) (discussing case law addressing claims that extended detention violates federal due process rights), and that the government has provided evidentiary justification for continuing the defendant's pretrial detention. That evidence, admitted at the August 7, 2012, detention hearing, includes letters in which the defendant talks about killing people who have indicated a willingness to testify against him and wanting to smuggle drugs into the jail in which he was being held, Government Exhs. 4-6, and evidence of his ability to obtain forged identification documents, Government Exh. 3.

The court in *United States v. Noriega*, 746 F. Supp. 1548, 1561-62 (S.D. Fla. 1990), rejected the defendant's "bright line" interpretation of section 3164. Because the importation of section 3161(h)'s exclusions into section 3164 means that "Congress clearly contemplated some extension beyond the ninety-day limit for detainees," the *Noriega* court reasoned that the "reasonableness" limitation of section 3161(h)(7) comes into play when a request for release invokes section 3164. Even if a detainee established a violation of section 3164, the court held

that the government must either try him immediately *or* release him on bond. *Id*. at 1561. From all that appears, immediate trial is what the government is trying to bring about in this case.

There is apparently no case authority completely on point. The absence of case law since 1979 addressing the defendant's position as it is asserted here is telling.

I find the defendant's contention that the government is estopped from seeking his further detention by its "assur[ance] … that if a speedy trial act violation was found the defendant would be released," Memorandum at 14, to be without merit.

To the extent that I have not already addressed the defendant's contention that his constitutional right to due process of law has been violated by the length of his detention, id. at 15-16, he has not demonstrated any such violation. He makes no new argument specific to his Sixth Amendment claim, *id*. at 16, and his contention that his rights under the Fourth Amendment have been violated, id. at 15, is presented in too conclusory a manner to merit discussion.

Finally, the defendant's contention that Judge Hornby's opinion granting his motion to dismiss the first case "should be construed as prohibiting the government from renewing the prosecution without . . . an indictment and certainly as precluding Mr. Worthy's ongoing detention[,]" *id*. at 15, is also without merit. Neither issue was before Judge Hornby, and the language of his opinion cannot be stretched as far as the defendant would like.

### III. Conclusion

For the foregoing reasons, the government's motion for detention has been **GRANTED**, and I recommend that the defendant's motion for immediate release be **DENIED.** I emphasize that my recommended decision rests on the assumption, without deciding, that section 3164 is to be construed in this case by treating the defendant's detention in both cases as if continuous,

9

rather than as recommencing at the time of his arrest under the information that initiated the second case. Under the circumstances, that issue may be left for resolution at another time.

### *NOTICE*

*With respect to Part I of this opinion, in accordance with Federal Rule of Criminal Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

*With respect to Part II of this opinion and recommended decision, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 14th day of August, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge