UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:12-CR-135-DBH** |
| | ) | |
| **HASAN WORTHY,** | ) | |
| | ) | |
| DEFENDANT | ) | |

**PROCEDURAL ORDER**

In requesting an extension of time to file jury instructions (I granted the motion), the defendant has expressed his intention to file "a motion to stay or continue further proceedings in this matter." Def.'s Mot. to Extend Deadline for Jury Instructions 7 (ECF No. 78). The matter now is scheduled for jury empanelment and trial on September 10, 2012. The defendant states that one of the reasons he will seek a stay is that the government's appeal of this court's Order of August 28, 2012, Decision and Order on Def.'s Appeal from Interim and Permanent Orders of Detention and Objection to Recommended Decision Denying Mot. for Release (ECF No. 58) (concluding that he is entitled to release under conditions by virtue of 18 U.S.C. § 3164), has divested this court of jurisdiction until the appeal is decided. He discusses a number of precedents. Def.'s Mot. to Extend 2-3.

The defendant has filed several motions under the Speedy Trial Act in connection with the criminal prosecution against him. As a result of his

motion on the eve of jury empanelment in United States v. Nash, No. 2:10-cr-00136, I granted his motion to dismiss that case under section 3162 for violation of the 70-day Speedy Trial Act clock on August 1, 2012, but did so without prejudice. Decision and Order on Def.'s Mot. to Dismiss Fourth Superseding Indictment for Violation of Speedy Trial Rights, No. 2:10-cr-00136 (ECF No. 653). The government then obtained a new indictment in this case. The defendant moved for pre-trial release in this case under section 3164's 90-day Speedy Trial Act clock (he had done so in the earlier case but I considered the motion there mooted by the dismissal). Def.'s Mot. to Dismiss and for Immediate Release (ECF No. 12). I granted that motion on August 28, 2012, Decision and Order on Def.'s Appeal from Interim and Permanent Orders of Detention and Objection to Recommended Decision Denying Mot. for Release (ECF No. 58), and because of the persistent Speedy Trial Act issues, directed that the trial go forward September 10, 2012, the earliest date available given the defendant's right to trial 30 days from his appearance. 18 U.S.C. § 3161(c)(2). (Trial on the previous indictment had been scheduled for July and a jury actually had been empaneled before I granted the motion to dismiss.)

The defendant cites a number of cases concerning jurisdiction in his legal memorandum. Def.'s Mot. to Extend 2-3. None of them yields a clear answer. In addition to his jurisdictional arguments, the defendant seems primarily to be concerned that he is entitled to be released in preparation for and during his trial, and that going forward with the trial while he is detained

2

would thwart vindication of those rights. Def.'s Mot. to Extend 5-7. But it is the court of appeals that has stayed this court's order of release. I believe that it would be wise, therefore, for one or both of the parties to seek guidance from the court of appeals on whether that court believes that its proceedings have divested this court of jurisdiction to proceed with the scheduled trial. Certainly it would be unfortunate to spend taxpayer dollars on empanelling a jury on September 10, 2012, for a second time if the trial cannot go forward.

**SO ORDERED.**

**DATED THIS 5TH DAY OF SEPTEMBER, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**