UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

HASAN WORTHY,                     )
                                  )
         Petitioner,              )
                                  )
    v.                            )    2:12-cr-00135-DBH-1
                                  )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
         Respondent               )

# RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 247.) Following a jury trial, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine base, possession with intent to distribute cocaine, and using a communication facility in committing, causing, or facilitating a drug felony; the Court sentenced Petitioner to 300 months in prison. (Amended Judgment, ECF No. 206; Indictment, ECF No. 14.) The First Circuit affirmed the conviction. *United States v. Worthy*, 772 F.3d 42 (1st Cir. 2014).

Petitioner claims that the Court lacked jurisdiction to convict him because the indictment did not contain the words "intentionally" or "knowingly" in describing his alleged criminal violations. (Motion at 8.) The Government requests dismissal. The Government argues the Court lacks jurisdiction to consider the motion because the motion constitutes a second or successive petition for relief under § 2255. Alternatively, the

Government contends the motion is barred by the one-year statute of limitations and otherwise lacks merit. (Response, ECF No. 252.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In September 22, 2010, Petitioner and several other individuals were indicted on one count of conspiring to possess with intent to distribute cocaine base, cocaine, and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Superseding Indictment, 2:10-cr-00136-DBH-3, ECF No. 51.) Over the course of the following year, the government filed a series of superseding indictments. (2:10-cr-00136-DBH-3, ECF Nos. 94, 232, 507). In August 2012, the Government stipulated to a statutory speedy trial violation, and the Court dismissed without prejudice the charges against Petitioner. (2:10-cr-00136-DBH-3, ECF No. 653.)

The Government subsequently filed a new indictment charging petitioner with one count of conspiring to distribute and possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); two counts of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of using a communication facility in committing, causing and facilitating a drug felony, in violation of 21 U.S.C. § 843(b). (Indictment, ECF No. 14.) In November 2012, a jury found petitioner guilty on all counts. (Minute Entry, ECF No. 152; Jury Verdict Form, ECF No. 157.) In June 2013, the Court sentenced Petitioner to 300 months in prison, to be followed

by ten years of supervised release. (Amended Judgment, ECF No. 206.) In November 2014, the First Circuit affirmed the conviction. *United States v. Worthy*, 772 F.3d 42 (1st Cir. 2014).

On June 22, 2016, Petitioner filed a motion for relief under § 2255, in which motion, citing the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015), Petitioner argued that he did not meet the criteria for a career offender enhancement under § 4B1.1 of the United States Sentencing Guidelines. (Motion, ECF No. 236.) In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague.[1] In his § 2255 motion, Petitioner argued that the Supreme Court's decision and analysis in *Johnson* were equally applicable to the similarly phrased residual clause of the career offender sentencing guidelines found in § 4B1.2. Because the applicability of *Johnson* to § 4B1.2 was presented by a case on appeal to the Supreme Court (*Beckles v. United States*, No. 15-8544), upon the Government's motion, the Court stayed further proceedings on Petitioner's motion pending the Supreme Court's decision in *Beckles*. (Order, ECF No. 242.)

On March 6, 2017, the Supreme Court determined that the residual clause of the career offender sentencing guidelines was not void for vagueness and thus the *Johnson* decision did not apply to the guidelines. *Beckles v. United States*, 136 S.Ct. 886, 897 (2017). On March 29, 2017, the Government asked the Court to remove the stay and issue a briefing schedule on Petitioner's § 2255 motion. (Notice, ECF No. 243.) On April 22,

---

[1] In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court determined that *Johnson* was retroactively applicable to cases on collateral review.

3

2017, Petitioner, through counsel, moved voluntarily to dismiss his motion. (Motion, ECF No. 244.) The Government did not object to the motion, but the Government asked that the order of dismissal "place Petitioner on notice that the § 2255 motion he now seeks to dismiss may count as a first petition for purposes of determining whether a later-in-time § 2255 motion is second or successive." (Response at 4, ECF No. 245.) In its order, the Court wrote that it expressed "no view on what impact, if any, this circumstance will have on any future claim the petitioner might make but, through the government's response, the petitioner has the benefit of the latter's view on the subject." (Order, ECF No. 246.)

### DISCUSSION

In the Antiterrorism and Effective Death Penalty Act (AEDPA), "Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996)). Pursuant to 28 U.S.C. § 2255(h) and § 2244(b)(3)(A), "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Bucci v. United States*, 809 F.3d 23, 25–26 (1st Cir. 2015). The First Circuit has "interpreted [these provisions] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may

go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

AEDPA did not define the term "second or successive petition," which is instead "a term of art" in the context of the Supreme Court's habeas corpus caselaw. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). "Not every literally second or successive § 2255 petition is second or successive for purposes of AEDPA." *Sustache-Rivera v. United States*, 221 F.3d 8, 12 (1st Cir. 2000). Courts have outlined several examples of situations in which a later petition from the same individual is not second or successive for purposes of AEDPA, including: (1) when the previous petition was dismissed as premature, (2) when a state prisoner's prior petition was dismissed for failure to exhaust state remedies, (3) when the earlier petition terminated without a judgment on the merits, and (4) when the prior petition attacked a different criminal judgment. *Id.* at 12 – 13.

Because Petitioner voluntarily withdrew his first § 2255 motion, the Court did not enter a judgment on the merits of that motion. Under the reasoning of the First Circuit in *Sustache-Rivera*, therefore, Petitioner's motion is possibly not a second or successive petition.

Although the First Circuit has not addressed the issue, the great weight of authority holds that "if a petitioner clearly concedes upon withdrawal . . . that the petition lacks merit" or "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless," then "the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under AEDPA." *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004); *see also*, *Felder v. McVicar*, 113

5

F.3d 696, 698 (7th Cir. 1997); *In re Moore*, 735 F. App'x 883, 887 (6th Cir. 2018); *United States v. Ramos*, 759 F. App'x 718, 721 (10th Cir. 2019). Courts have explained that AEDPA should not be interpreted to allow petitioners to thwart the bar on second or successive petitions by voluntarily withdrawing their first petition as soon as it becomes evident that the district court will likely dismiss that petition on the merits. *Thai*, 391 F.3d at 495.

The circumstances of Petitioner's withdrawal of his first § 2255 motion suggests that it was "akin to a dismissal on the merits," *see id.*, which means his present motion is subject to the gatekeeping provisions on second or successive petitions. The circumstances include: the fact that Petitioner was represented by counsel at the time, the fact that his previous petition was stayed pending the outcome of *Beckles v. United States*, 137 S. Ct. 886 (2017), and the fact that Petitioner voluntarily withdrew his first petition shortly after the Government filed a status report informing the Court that the Supreme Court had issued its opinion in *Beckles* and resolved the issue unfavorably to Petitioner's argument.

The Tenth Circuit recently considered indistinguishable circumstances and concluded that the petition was second or successive:

> First . . . [the petitioner] was represented by counsel. Second, the timing of his motion for voluntary dismissal clearly and objectively indicates that he had concluded his motion was doomed. That motion followed (1) the district court's decision to stay the proceedings pending the Supreme Court's decision in *Beckles*, which the court stated would likely be determinative of the [first] [m]otion; (2) the decision in *Beckles*, which ruled against the position [the petitioner] asserted in his [first] [m]otion; and (3) the district court's order directing the parties to file status reports indicating their position on the validity of the [second] petition in light of the holding in *Beckles* . . . ."

6

*United States v. Rejda*, No. 19-8015, 2019 WL 5212609, at *4 (10th Cir. Oct. 16, 2019) (internal quotation marks omitted). The Tenth Circuit's reasoning is sound and applies to the facts of this case. In this case, the record shows that Petitioner dismissed the prior motion because the Supreme Court in *Beckles* effectively determined that Petitioner would be unable to prevail on the merits of his claim. The voluntary dismissal is thus "akin to a dismissal on the merits." *Thai*, 391 F.3d at 495. Petitioner, therefore, requires prior approval of the First Circuit to prosecute the § 2255 motion.

A review of the record reveals no evidence that Petitioner has applied to the First Circuit for permission and obtained permission to file the pending second or successive motion. Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive § 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." Because the motion was filed more than four years after the First Circuit's decision on Petitioner's direct appeal and because the motion does not appear to be based on newly discovered evidence or a new rule of constitutional law made retroactive on collateral review, the interests of justice do not support transfer to the First Circuit.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny

7

a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of January, 2020.