UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HASAN WORTHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:12-cr-00135-JAW |
| ) | 2:16-cv-00319-DBH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Hasan Worthy has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 269.) After review of the motion and the record in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, I recommend the Court dismiss the motion because it is barred by the gatekeeping provisions governing second or successive postconviction motions.

### DISCUSSION

After a trial in 2012, a jury found Petitioner guilty of four drug distribution offenses. (Jury Verdict, ECF No. 157.) The Court sentenced Petitioner to 300 months in prison. (Amended Judgment, ECF No. 206.) The First Circuit affirmed. *United States v. Worthy*, 772 F.3d 42 (1st Cir. 2014). In June 2016, Petitioner filed a section 2255 motion, which he later voluntarily withdrew. (First Section 2255 Motion, ECF No. 236; Order on Motion to Withdraw, ECF No. 246.). Petitioner subsequently filed another petition, which was dismissed as an unauthorized second or successive petition. (Second Section 2255 Motion, ECF No. 247; Recommended Decision, ECF No. 254; Order Affirming Recommended

Decision, ECF No. 259; Judgment of First Circuit, ECF No. 265.) Petitioner later filed two requests with the First Circuit for leave to file a second or successive petition. The First Circuit denied both requests. (Judgments of the First Circuit, ECF Nos. 267, 268.) The pending habeas motion concerns the same underlying criminal judgment as Petitioner's prior habeas petitions.

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. section 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h).[1] Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

---

[1] Section 2255(h) provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The record lacks any evidence to suggest the First Circuit has authorized Petitioner to file the current section 2255 motion.  To the contrary, the First Circuit recently denied Petitioner's applications to file a second or successive motion.

Because the record reflects that the First Circuit has not authorized Petitioner to proceed on a second or successive motion, the Court is without jurisdiction to consider the merits of the motion.  *Trenkler*, 536 F.3d at 96.  First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."  The issue, therefore, is whether the Court should dismiss or transfer the matter.  Given the First Circuit's recent denial of Petitioner's requests to file a second or successive petition, dismissal is appropriate.

## Conclusion

Based on the foregoing analysis, after a review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, I recommend the Court dismiss Petitioner's section 2255 motion.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of August, 2022.