UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:12-cr-00135-JAW |
| | ) | |
| HASAN WORTHY | ) | |

**ORDER DENYING MOTIONS TO REDUCE SENTENCE AND FOR APPOINTMENT OF COUNSEL**

Invoking 18 U.S.C. § 3582(c)(2), an inmate moves to reduce the incarcerative term of his sentence by retroactively applying Amendment 782, colloquially referred to as the "Drugs Minus Two" Amendment, to his sentence. Concluding that the inmate's guideline range of imprisonment would stay the same even if the "Drugs Minus Two" Amendment applied, the Court denies his motion because his sentencing range has not "subsequently been lowered by the Sentencing Commission," a prerequisite for relief under 18 U.S.C. § 3582(c)(2).

**I.  BACKGROUND**

  **A.  The Original Sentence**

On November 7, 2012, a federal jury found Hasan Worthy guilty of four federal criminal charges: 1) conspiracy to possess with the intent to distribute in excess of 280 grams of cocaine base and 500 grams of cocaine, aiding and abetting, 2) possession with the intent to distribute cocaine, aiding and abetting, 3) possession with the intent to distribute cocaine, aiding and abetting, and 4) use of a communication device to facilitate the commission of a drug distribution offense.

*Jury Verdict Form* (ECF No. 157). On June 19, 2013, then United States District Judge D. Brock Hornby[1] concluded that Mr. Worthy faced a guideline sentence range of 360 months to life, *Statement of Reasons* at 1 (ECF No. 201), and sentenced him to 300 months of incarceration on counts one through three to be served concurrently, 48 months of incarceration on count four to be served concurrently, to be followed by ten years of supervised release on counts one through three to be served concurrently and three years of supervised release on count four to be served concurrently, $400 in special assessments, and no fine. *J.* (ECF No. 200); *Am. J.* (ECF No. 206). The Court of Appeals for the First Circuit affirmed Mr. Worthy's convictions on direct appeal. *United States v. Worthy*, 772 F.3d 42 (1st Cir. 2014).

### B.   Hasan Worthy's Motion

On June 8, 2023, Mr. Worthy, acting pro se, moved for a reduction of his prison sentence pursuant to 18 U.S.C. § 3582(c)(2). *Def.'s Mot. to Reduce Sentence* (ECF No. 283). Mr. Worthy asks this Court to give retroactive effect to Amendment § 782, which reduces base offense levels by two levels for each drug quantity, across all drug types. *See* U.S.S.G. Supp. App. C., amend. 782 (2014); U.S.S.G. Supp. App. C., amend. 788 (2014) (making the Drugs Minus Two Amendment retroactive). Mr. Worthy intimates that through this updated calculation his sentence should be reduced.

### C.   The Government's Response

The Government opposes Mr. Worthy's motion. *Government's Response in Opp'n to Def.'s Mot. Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 289). The

---

[1]   After Judge Hornby's retirement, Mr. Worthy's case was randomly assigned to this Judge on August 8, 2022.

2

Government maintains that the Court lacks jurisdiction to reduce Mr. Worthy's sentence because applying Amendment 782 would "not have the effect of lowering [Mr.] Worthy's applicable guideline range, which would have remained 360 months to life regardless of whether his base offense level decreased by two points." *Id.* at 3. The Government further contends that even assuming Mr. Worthy were eligible for a sentence reduction, he failed to establish it is warranted. *Id.* at 6-8.

## II.   DISCUSSION

18 U.S.C. § 3582(c)(2) gives a district court jurisdiction and discretion to reduce a defendant's sentence if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" or "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the reduction would be consistent with the sentencing factors outlined in 18 U.S.C. §3553(a).  Mr. Worthy has not argued that there is a policy statement issued by the Sentencing Commission that would be relevant to his motion and the Court is aware of none.  Accordingly, the Court focuses on whether there is a "sentencing range that has subsequently been lowered" by the Commission.

Mr. Worthy suggests Amendments 782 and 788 would lead to a lower sentencing range.  Amendment 782 lowers the base offense level on a drug sentence by two levels and Amendment 788 makes this two-level reduction retroactive.  A two-level reduction on its own, however, is not sufficient for a sentence reduction.  Instead, the sentencing range, not merely the offense level, must be reduced.  In turn, the Court considers whether the offense level reduction also leads to the sentencing

3

reduction. To that end, the Court looks at Mr. Worthy's original, pre-Amendment guideline range and compares it to the guideline range had these Amendments been in effect.

At the original sentencing, Mr. Worthy's base offense level was 34 because the Court found he was responsible for over 840 grams of cocaine. There was a two-level enhancement because Mr. Worthy possessed firearms in connection with the drug trafficking activities. There was also a three-level enhancement because he was the manager/supervisor of criminal activity involving five or more participants. Tallied together, Mr. Worthy's total offense level was 39. Given his career offender status (criminal history score of VI), the sentencing range for Mr. Worthy was 360 months to life.

If the Drugs Minus Two Amendment were in effect during Mr. Worthy's sentencing, his base offense level would have been lowered to 32. The two-level and three-level enhancements would still apply, leading to a total offense level of 37. Given his career offender status (criminal history score of VI), the sentencing range for Mr. Worthy, despite a two-level reduction overall, would still be 360 months to life.

|  | **Pre-Amendment 782** | **Post-Amendment 782** |
|---|---|---|
| **Base Offense Level** | 34 | 32* |
| **Firearm Possession** | +2 | +2 |
| **Manager/Supervisor** | +3 | +3 |
| **Acceptance** | 0 | 0 |

| | | |
|---|---|---|
| **Adjusted Offense Level** | 39 | 37 |
| **Total Offense Level** | 39 | 37 |
| **Sentencing Range based on criminal history score of VI** | 360 to life | 360 to life |

\* (34 minus 2-point reduction)

To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), an inmate must demonstrate that his sentencing guideline range has "subsequently been lowered by the Sentencing Commission." *Koons v. United States*, 138 S. Ct. 1783, 1790 (2018) ("§ 3582(c)(2) . . . applies only when a sentence was 'based on' a subsequently lowered range"); *United States v. Barbour*, No. 2:01-cr-92-DBH-01, 2021 U.S. Dist. LEXIS 146959, at \*2 (D. Me. Aug. 5, 2021). Since Mr. Worthy's sentencing range would be 360 months to life under both pre- and post-Amendment guideline calculations, his sentence falls outside the relief offered by 18 U.S.C. § 3582(c)(2), and the Court must deny his motion.

In his motion to reduce sentence and in a separate filing, Mr. Worthy requested that the Court appoint counsel to represent him in this matter. *See Mot. to Reduce Sentence* at 1; *Req. for Appointment of Counsel* (ECF No. 287). The Court DENIES both motions because the motion to reduce sentence is based on a fundamental misapprehension of the law and no lawyer could alter the result.

### III. CONCLUSION

The Court DENIES Hasan Worthy's Motion to Reduce Sentence (ECF No. 283), including his request for appointment of counsel, and DENIES his Request for Appointment of Counsel (ECF No. 287).

SO ORDERED.

                                      /s/ John A. Woodcock, Jr.
                                      JOHN A. WOODCOCK, JR.
                                      UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2023